UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AGUIRRE-PALACIOS, BOP #27890-298,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>SAN DIEGO FACILITY DOE 1; SAN DIEGO FACILITY DOE 2; UNITED STATES OF AMERICA; JOHN DOE,<br><br>　　　　　　　　　　Defendants. | Civil No.　　13cv3102 BTM (WVG)<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO PROCEED** *IN FORMA PAUPERIS* **(ECF Doc. No. 2); and**<br><br>**(2)  DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF FIRST AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 4(c)(3) &  28 U.S.C. § 1915(d)** |

　　　Jose Aguirre-Palacios ("Plaintiff"), currently incarcerated at the Giles W. Dalby Correctional Facility in Post, Texas, proceeding *pro se*, has brought this civil action. Before the Court could conduct the required sua sponte screening, Plaintiff filed a First Amended Complaint ("FAC").  (ECF Doc. No. 4.)

　　　Plaintiff has not prepaid the $350 statutory and administrative civil filing fees required by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

# I.

## PLAINTIFF'S MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Warden of Dalby Correctional Facility to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(b)(ii) AND 1915A(b)(1)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as

practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

As currently pleaded, the Court finds Plaintiff's allegations sufficient to survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] Accordingly, the Court finds Plaintiff is entitled to U.S. Marshal service on his behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal ... if the plaintiff is authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915.").[2]

### III.
#### CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2) is GRANTED.

2. The Warden of the Giles W. Dalby Correctional Facility, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).

---

[1] Plaintiff is cautioned that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12[] motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

[2] Plaintiff is cautioned that he must also identify the individual United States Customs and Border Protection Agent he seeks to sue sufficiently such that service of process upon that person can be effected. *See Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (noting that plaintiff proceeding IFP must "furnish[] the information necessary to identify the defendant," or face a FED.R.CIV.P. 4(m) dismissal based on U.S. Marshal's inability to effect service), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

     3.     The Clerk of the Court is directed to serve a copy of this Order on Stephen McAdams, Warden, Giles W. Dalby Correctional Facility, 805 North Avenue F, Post, Texas, 79356.

     **IT IS FURTHER ORDERED** that:

     4.     The Clerk shall issue a summons as to Plaintiff's First Amended Complaint (ECF No. 4) upon Defendants and shall and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each Defendant. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order, a certified copy of his First Amended Complaint (ECF No. 4), and the summons so that he may serve each named Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285s as completely and accurately as possible, and to return them to the United States Marshal according to the instructions provided by the Clerk in the letter accompanying his IFP package. Upon receipt, the U.S. Marshal shall serve a copy of the Complaint and summons upon each Defendant as directed by Plaintiff on the USM Form 285s. All costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(3).

     5.     Plaintiff shall serve upon the Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service.

DATED: July 7, 2014

                                                    BARRY TED MOSKOWITZ, Chief Judge
                                                    United States District Court